In the Matter of the Claim of HENRY MILLER, Respondent, against LE ROY ROBINSON et al., Appellants. STATE INDUSTRIAL BOARD, Respondent.— Motion for leave to appeal to the Court of Appeals denied, without costs. [See· *ante*, p. 930.] All concur.

EDWARD D. AGOSTINI et al., Doing Business under the Name of AGOSTINI BROTHERS, Appellants, v. STATE OF NEW YORK, Respondent. (Claim No. 23237.) Appeal by claimants doing business under the firm name of Agostini Brothers from a judgment of the Court of Claims dismissing the claim upon the merits. On November 27, 1931, claimants entered into a contract with the State for the construction of certain buildings as well as alterations and additions to existing buildings and for a service tunnel at the Brooklyn State Hospital at Creedmoor. The contract by its terms provided that all work was to be fully performed on or before December 1, 1932. Claimants delayed the commencement of the work under the contract until December 28, 1931. The court found, and there is ample evidence to support the finding, that the State's engineer on numerous occasions urged claimants to progress the work in accordance with the progress schedule and although claimants made many promises, the same were not carried out. The contract was canceled by the State on June 24, 1932, as the result of a seven-day notice served upon claimants on June 14, 1932. The court found that claimants acted in bad faith in the execution of the contract and unnecessarily and through no fault of the State continuously delayed the work and that the State was justified in directing the cancellation. There is substantial evidence in the record to sustain the findings of the Court of Claims ·and the decision should be affirmed and the appeal herein dismissed. Decision of the Court of Claims affirmed, without costs. Hill, P. J., Bliss, Schenck and Brewster, JJ., concur; Heffernan, J., dissents and votes to reverse the judgment of the Court of Claims and to grant a new trial. The failure of claimants to progress the work before May 1, 1932, was caused largely by the State's own default. There can be no doubt about the fact that there was a strike which began May 1st and ended June 15th. It seems that the general engineer acted arbitrarily in cancelling the contract on June 24th, when he was assured the claimants would have sufficient men on the job the following Monday. [See 268 App. Div. 835.]